Jeffrey T. LaBARGE and Denise LaBarge, Plaintiffs–Appellants,

v.

JOSLYN CLARK CONTROLS, INC., Defendant–Appellee–Cross–Defendant–Appellee,

and

TOCCO, INC., Defendant–Appellee–Cross–Claimant–Appellee.

No. 06–4926–cv.

United States Court of Appeals, Second Circuit.

Sept. 26, 2007.

Joseph A. Regan, Faraci Lange LLP, Rochester, NY, for Appellants.

John P. Freedenberg (Paul A. Sanders on the brief), Goldberg Segalla LLP, Buffalo, NY, for Appellee Joslyn Clark Controls, Inc.

Robert Shaddock, Hiscock & Barclay, LLP, Rochester, NY, for Appellee Tocco, Inc.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants Jeffrey T. LaBarge ("LaBarge") and Denise LaBarge (collectively, "plaintiffs") appeal from a judgment entered by the District Court pursuant to its Decision and Order filed on September 26, 2006, *LaBarge v. Joslyn Clark Controls, Inc.,* No. 03–cv–169S, 2006 WL 2795612 (W.D.N.Y. Sept. 26, 2006). Plaintiffs filed suit on February 6, 2003 in the Supreme Court of the State of New York, Genesee County, under a theory of product liability, claiming that, on March 1, 2001, while LaBarge was repairing an axle hardening machine manufactured by defendant Tocco, Inc. ("Tocco"), he was electrocuted as a result of a defectively designed and manufactured vacuum contactor manufactured by defendant Joslyn Clark Controls, Inc. ("Joslyn") and installed in the axle hardening machine. Plaintiffs also claim defendants were negligent in failing to warn of the alleged defects. In the aftermath of the accident, the allegedly defective Joslyn part was removed and scrapped, and the Tocco machine was destroyed. The case was removed to the District Court on March 3, 2003. In October 2005, defendants filed separate motions for summary judgment and for dismissal of the complaint based on plaintiffs' alleged spoliation of the evidence. Joslyn also moved to exclude the proffered testimony of plaintiffs' expert witness. The District Court denied the motion to dismiss, granted the motion to exclude the expert witness and the motion for summary judgment in favor of defendants on September 25, 2006. Plaintiffs timely appeal the order for summary judgment and the exclusion of their expert. We assume the parties' familiarity with the facts and the procedural history of the case.

We review *de novo* a district court's orders granting summary judgment and focus on whether the District Court properly concluded there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 297 (2d Cir.2003). We review a district court's

decision to exclude an expert witness under the standard of abuse of discretion. *See Wills v. Amerada Hess Corp.,* 379 F.3d 32, 41 (2d Cir.2004) ("We have held that the abuse of discretion standard applies as much to the trial court's decisions about *how to determine reliability* as to its ultimate conclusion." (emphasis in original) (internal quotation marks omitted)).

In this case, the District Court determined that the expert witness's theory of the cause of the electrocution did not meet the standard of Federal Rule of Evidence 702 in that it had not been scientifically tested and was not based on direct observation of any of the parts or how the Joslyn part was installed in the Tocco axle machine. "In gauging reliability, the district court should consider the indicia of reliability identified in Rule 702, namely, (1) that the testimony is grounded on 'sufficient facts or data'; (2) that the testimony 'is the product of reliable principles and methods'; and (3) that 'the witness has applied the principles and methods reliably to the facts of the case.'" *Wills,* 379 F.3d at 48 (2d Cir.2004) (quoting Fed.R.Evid. 702). In requiring that the expert actually test his theory, rather than that the theory be *testable,* the District Court misstated the test articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993): "Ordinarily, a key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be (and has been) tested." *Daubert,* 509 U.S. at 593, 113 S.Ct. 2786. The expert stated that his theory was testable, and he described in his testimony how one would devise such a test. However, the expert's basis for his theory was grounded on photographs of the hardware in question and the literature for the Joslyn part, but not the literature or engineering diagrams for the Tocco machine or any actual vacuum contactors like the part that allegedly failed. As a result, we conclude that the District Court did not abuse its discretion in determining that the testimony was not reliable because it was not grounded on sufficient facts or data.

Under New York law, in order to proceed on a products liability claim in the absence of direct evidence identifying a defect in the product, " 'a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants.'" *Riegel v. Medtronic, Inc.,* 451 F.3d 104, 125 (2d Cir.2006) (quoting *Speller v. Sears, Roebuck and Co.,* 100 N.Y.2d 38, 760 N.Y.S.2d 79, 790 N.E.2d 252 (2003)). Here, plaintiffs were unable to rule out other possible causes for the accident and have therefore failed to meet their burden.

Upon a review of the record and the relevant law, we detect no error in the District Court's September 25, 2006 Decision and Order.

Accordingly, we **AFFIRM** the judgment of the District Court.